# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PAULA FOOTE, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MATRIX WARRANTY SOLUTIONS, INC. d/b/a ELEMENT PROTECTION, CAR PROTECTION USA D/B/A CLEAR PATH and JOHN DAVIS,<br><br>    Defendants. | CIVIL ACTION FILE NO. 1:19-cv-04381-LMM |

## PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY

Plaintiff Paula Foote submits this opposition to the motion to stay discovery of defendants.

## BACKGROUND

The Plaintiff has brought this putative class action pursuant to the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Out of every 7,000,000 robocalls, there's

only one TCPA lawsuit in federal court. *Compare* Herb Weisbaum, *It's Not Just You—Americans Received 30 Billion Robocalls Last Year*, NBC News (Jan. 17, 2018), https://www.nbcnews.com/business/consumer/it-s-not-just-you-americans-received-30-billion-robocalls-n838406 (30.5 billion robocalls); *with* WebRecon, *WebRecon Stats for Dec 2017 & Year in Review* (last visited Oct. 29, 2018), https://webrecon.com/webrecon-stats-for-dec-2017-year-in-review/ (4,392 TCPA complaints).

In this putative class action, the Plaintiff alleges that Matrix commissioned automated and pre-recorded telemarketing calls to Plaintiff and other putative class members without their consent. *See* First Amended Complaint ("FAC") (ECF No. 11) at ¶ 2. The Plaintiff and putative class members never consented to receive these calls. *Id.* Because automated dialing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of others who received illegal robocalls from or on behalf of the defendants. *Id.* at ¶ 4.

# ARGUMENT

## I. The Harm in Delay, as Recognized by this Court Earlier in this Lawsuit, Favors Proceeding with Discovery.

The potential destruction of this evidence (whether willful or otherwise) necessitates timely discovery consistent with the rules. *See, e.g., Gordon v. Mortg. Elec. Registration Sys., Inc.*, No. 10-CV- 228, 2010 WL 5463165 *1 (S.D. Ga. Dec. 29, 2010) (denying motion to stay and noting that discovery should proceed before relevant evidence becomes unavailable); *SOLIDFX, LLC v. Jeppesen Sanderson, Inc*., No. 11-CV-1468, 2011 WL 4018207, at *3-4 (D. Colo. Sept. 8, 2011) (rejecting stay request in part because "the longer this case is delayed, the greater the likelihood that evidence will be inadvertently destroyed or lost").

Here, the Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court). However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep

records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. The Plaintiff previously provided to this Court a chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice. *See* ECF No. 12-1. As detailed in the chart, many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period.

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

As a result, courts, including a number in federal court in Georgia, regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nv., July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, United States District Court for the Northern District of Georgia, Civil Action No. 14-cv-01846, Dkt. No. 23 (August 19, 2014). Here, the Plaintiff is simply seeking to proceed in the ordinary course with discovery.

*In fact, recognizing these risks this Court commenced discovery*. *See* ECF No. 15. However, instead of abiding by this Court's Order, the defendants have simply filed a motion to stay and have not responded to the Plaintiff's duly served discovery supported by this Court's Order.

## II. The Fact that the Conduct Continues Further Militates in Favor of Discovery Continuing.

Remarkably, despite the existence of this lawsuit, Car Protection USA and Matrix have continued their unlawful pre-recorded robo dialing. As detailed in the affidavit of Andrew Perrong, attached as <u>Exhibit 1</u>:

- On January 28, 2020, I received a pre-recorded "robocall" to my telephone
  number 215-322-XXXX.
- The illegal prerecorded "robocall" played a message which advised me that the caller was attempting to reach me about my "car's extended warranty" and instructed me to press "1" to speak with a representative about extending my "car's extended warranty."
- The prerecorded message was generic and did not identify the caller, so I
- pressed "1" in an attempt to identify the source of the illegal prerecorded robocall.
- I was transferred to an agent who did not have any of my information, nor any information about the vehicle I drive.
- That agent then transferred me to a man by the name of "Mark Wilson," a "senior coverage specialist" with the "corporate office."
- Only after I indicated a desire to purchase the policy, "Mark" provided me a call back/customer service number of 866-327-6685.
- The telephone number 866-327-6685 is associated with Car Protection USA. *See, eg.* Better Business Bureau, *Car Protection USA*, (last visited Feb. 11, 2020), https://www.bbb.org/us/ca/santa-ana/profile/auto-warranty-services/car-protection-usa-1126-172015718 (archived at https://archive.is/efuFi).
- After providing my credit card number on the call, I received a credit card charge from a company called "Complete Advanced Automot", which appears to be as much as the credit card company would allow to be printed of the full company name, "Complete Advanced Automotive Solutions LLC."

6

- I questioned "Mark" about the discrepancy and was transferred to a supervisor. That supervisor stated that their company was Car Protection USA, that Complete Advanced Automotive Solutions LLC handled the initial payment, and that future financing payments would be handled by a company called Mepco. The supervisor also stated that the policy administrator, the company that would handle all the claims, was Matrix, which is a Defendant to this action.
- After asking further questions to clarify the relationship between the various entities that were named on the call, the agent simply hung up.
- I recorded the call and created a simultaneous backup copy. I would be glad to provide these recordings to the Court.

Here, as the conduct of the parties continues, it makes sense to abide by this Court's Order requiring that discovery proceed. This is especially true where the defendants have not produced any evidence that any of the third parties involved in the telemarketing at issue have preserved their information. In fact, after learning of this new claim that an unnamed third party physically dialed the pre-recorded calls at issue, counsel for the Plaintiff sent counsel for the defendants the following e-mail on February 5, 2020:

> Counsel:
>
> With respect to Mr. Davis and Car Protection, please advise:
>
> 1. What steps they have taken to preserve relevant evidence in the hands of the vendor(s) they've hired;
> 2. When those steps were taken; and
> 3. What response was received, if any.

*See* Exhibit 2. There has been no response to this e-mail.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the motion be denied.

Respectfully Submitted by Plaintiff,
By Counsel

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
Steve@KovalFirm.com

## **CERTIFICATE OF SERVICE**

I, hereby certify that on February 12, 2020, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record.

*/s/ Anthony I. Paronich*
Anthony I. Paronich
