IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAULA FOOTE** *individually and on behalf of others similarly situated*, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No.: 3:20-CV-1084-L |
| **CAR PROTECTION USA d/b/a Clear Path; JOHN DAVIS; and MATRIX WARRANTY SOLUTIONS, INC. d/b/a Element Protection,** | | |
| Defendants. | | |

### DEFENDANTS' MOTION TO DISMISS

Defendants Car Protection USA d/b/a Clear Path, John Davis, and Matrix Warranty Solutions, Inc. d/b/a Element Protection, by counsel, respectfully move this Court to dismiss Plaintiff Paula Foote's First Amended Complaint, ECF No. 11, pursuant to Fed. R. Civ. P. 12(h)(3) and N.D. Tex. L.R. 7.2.

The grounds for Defendants' Motion are set forth in their contemporaneously filed Brief in Support. In brief, Plaintiff's First Amended Complaint is a one-count complaint under the automated-call provisions of the Telephone Consumer Protection Act.[1] But on July 6, 2020, in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("AAPC"),[2] the Supreme Court held that the TCPA's automated-calling prohibition—the very

---

[1] 47 U.S.C. § 227(b)(1)(A); First Am. Compl. p 15, ECF No. 11 (single Count for alleged "Violation of the TCPA's Automated Calling provision").

[2] Because the Supreme Court decided the constitutional challenge to the automated-call ban in *AAPC*, Federal Rule of Civil Procedure 5.1 does not apply to this filing and a notice of constitutional challenge is not required. *See* Fed. R. Civ. P. 5.1. If the Court determines otherwise, Defendants will promptly file such a notice.

1

statutory provision that Plaintiff's Complaint here is based upon—was an unconstitutional, content-based suppression on speech. It addressed the law's unconstitutional condition by prospectively severing the exemption that Congress had created for automated calls made for the purpose of collecting a federal debt. Thus, the TCPA's automated-call prohibition was unconstitutional from the enactment of the government-debt exemption in 2015 until the Supreme Court's severance became operative this year. Because Plaintiff's entire case rests on a law that was unconstitutional during the time at issue, this Court lacks subject matter jurisdiction over claims under a void law. Plaintiff's Complaint should therefore be dismissed for lack of jurisdiction.

Dated: November 16, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ *Ryan A. Phipps*
Ryan Andrew Phipps
TX State Bar No. 24110222
1000 Ballpark Way
Suite 209
Arlington, TX 76011
T: (817) 635-7304
F: (817) 635-7308
ryan.phipps@mhllp.com

Andrew R. Kasner
TX State Bar No. 24078770
1001 Fannin Street, Suite 2700
Houston, Texas 77009
T: (713) 337-8868
F: (713) 333-5987
Andrew.kasner@mhllp.com

and

Joseph P. Bowser, *Pro Hac Vice*
ROTH JACKSON
VA State Bar No. 88399
1519 Summit Avenue, Suite 102

Richmond, VA 23230
T: 804-441-8701
F: 804-441-8438
jbowser@rothjackson.com

Gregory M. Caffas, *Pro Hac Vice*
ROTH JACKSON
VA State Bar No. 92142
8200 Greensboro Drive, Suite 820
McLean, Virginia
T: 703-485-3533
F: 703-485-3525
gcaffas@rothjackson.com

*COUNSEL FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **MOTION TO DISMISS** has been served on this 16th day of November 2020 on all counsel of record via the Court's CM/ECF system.

                                            /s/ *Ryan A. Phipps*
                                            Ryan A. Phipps